IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICKEY CHRISTIAN,

      Petitioner,                    No. CIV S-06-1806 MCE KJM P

    vs.

KUMA J. DEBOO, Warden,         <u>ORDER AND</u>

      Respondent.            <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner is a federal prison inmate, who has filed a petition for a writ of habeas corpus under the authority of 28 U.S.C. § 2241 together with a request to proceed in forma pauperis.

        Examination of the in forma pauperis affidavit reveals that petitioner is unable to afford the costs of suit. Accordingly, the request for leave to proceed in forma pauperis is granted. <u>See</u> 28 U.S.C. § 1915(a).

        Petitioner alleges he is being held in administrative protective custody even though he has done nothing wrong. Specifically, he alleges that he and another Jewish prisoner entered protective custody to avoid harassment and violence from Nazis at the prison. He asks for a transfer and says that later he will ask for damages.

/////

1

1  In Crawford v. Bell, 599 F.2d 890, 891-92 (9th Cir. 1979), a federal prisoner filed
2 an action under § 2241, alleging that the conditions of his confinement constituted cruel and
3 unusual punishment, violated his right to due process, and invaded his constitutionally protected
4 privacy rights.  The Ninth Circuit upheld the dismissal of his action, noting that "the writ of
5 habeas corpus is limited to attacks upon the legality or duration of confinement."  Id. at 891.

6  In Glaus v. Anderson, 408 F.3d 382, 387-88 & note (7th Cir. 2005), the Seventh
7 Circuit acknowledged a previous holding, which found § 2241 proceedings available for those
8 seeking "a quantum change in the level of custody" such as "having the run of the prison"
9 instead of "being restricted in solitary confinement."  It recognized, however, that since this
10 earlier decision, the Supreme Court has held that restrictions are generally not cognizable unless
11 they impose atypical and significant hardship on the inmate in relation to the ordinary incidents
12 of prison life.  Sandin v. Conner, 515 U.S. 472, 484 (1995).

13  Petitioner in this case is not seeking release from custody, but rather transfer to
14 another prison where he believes he will be safer.  Moreover, he notes that he will be asking for
15 damages as well.  This court expresses no opinion whether petitioner's allegations state a civil
16 rights claim under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotic, 403
17 U.S. 388 (1971), but finds that this action is not properly brought under 28 U.S.C. § 2241.

18  Should petitioner wish to proceed with a separate civil rights action, he must
19 demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's
20 constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, any complaint
21 must allege in specific terms how each named defendant is involved, for there is no liability
22 unless there is some affirmative link or connection between a defendant's actions and the
23 claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167
24 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and
25 conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v.
26 Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

1           Moreover, should petitioner elect to pursue a <u>Bivens</u> action, he will be required to
2   pay the $350.00 filing fee in installments, even if he qualifies for filing the complaint in forma
3   pauperis.  28 U.S.C. § 1915 (b)(1).
4           Accordingly, IT IS HEREBY ORDERED that petitioner's request to proceed in
5   forma pauperis is granted.
6           IT IS RECOMMENDED that this action be dismissed without prejudice.
7           These findings and recommendations are submitted to the United States District
8   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
9   days after being served with these findings and recommendations, petitioner may file written
10  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
11  Findings and Recommendations."  Petitioner is advised that failure to file objections within the
12  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
13  F.2d 1153 (9th Cir. 1991).
14  DATED:  February 8, 2007.

_____
U.S. MAGISTRATE JUDGE

2

chri1608.nh

3